# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MUSIL,   )   | CASE NO. EDCV 06-1274-JTL |
|             Plaintiff,   ) | |
|             ) | MEMORANDUM OPINION AND ORDER |
|      v.   ) | |
|             ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
|             ) | |
|             Defendant.   ) | |

# PROCEEDINGS

On November 16, 2007, Elizabeth Musil ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits. On January 9, 2007, Michael J. Asture, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On January 10, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 18, 2007, defendant filed an Answer to the Complaint. On August 20, 2007, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

# BACKGROUND

On August 31, 2004, plaintiff filed an application for Supplemental Social Security Income benefits. (Administrative Record ["AR"] at 57). Plaintiff alleged that, beginning on January 1, 1999[1], she was unable to work due to her scoliosis, tachycardia and a herniated disk. (AR at 66). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 38, 43). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 49).

On July 6, 2005, the ALJ conducted a hearing in San Bernardino, California. (See AR at 202-22). Plaintiff appeared at the hearing with counsel and testified. (AR at 207-12; 214-22). Troy Scott, a vocational expert, also testified at the hearing. (AR at 212-14; 222-24). On July 24, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 11-17). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4).

Thereafter, plaintiff appealed to the United States District Court.

# PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ erred when he found that plaintiff did not qualify as disabled because she did not meet or equal a "Listing" in the Social Security Regulations.

2. The ALJ failed to properly consider plaintiff's subjective complaints and failed to properly assess plaintiff's credibility.

///
///
///
///

---

[1] At the hearing, plaintiff amended her disability onset date to April 10, 2005. (AR at 205-06).

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence can support either affirming or reversing the ALJ's decision, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

# DISCUSSION

## A. The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2003).

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in

Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments ('the Listings"), the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.    The ALJ's Decision that Plaintiff's Impairment Does Not Equal the Requirements of Listing 14.09B**

Plaintiff argues that the ALJ erred in step three of the sequential evaluation by failing to find that plaintiff's impairment equals the requirements of Listing 14.09B, Inflammatory arthritis.[2] Plaintiff claims that her impairments equal listing 14.09B because

---

[2] Listing 14.09B requires "Ankylosing spondylitis or other spondyloarthropathy, with diagnosis established by finds of unilateral or bilateral sacroilitis (e.g. erosions or fusions), shown by appropriate medically acceptable imaging, with both
1. History of back pain, tenderness, and stiffness, and
2. Findings on physical examination of ankylosis (fixation) of the dorsolumbar or cervical spine at 45○ or more of flexion measured from the vertical position (zero degrees.)" 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.09B.
   "Inability to ambulate effectively is implicit in 14.09B. Even though individuals who demonstrate the findings of 14.09B will not ordinarily require bilateral upper limb assistance, the required ankylosis of the cervical or dorsolumbar spine will result in an extreme loss of the ability to see ahead, above, and to the side." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.00 6.c.

4

she has back pain, tenderness, and stiffness, and because the curvature of her spine meets the requirement of 45 degrees or greater. (Joint Stipulation at 4-5).

The claimant has the burden of proving equivalency. 20 C.F.R. § 404.1512 (2006). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." Id. at 531.

"A finding of equivalence must be based on medical evidence only." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). The claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

Here, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or medically equals one of the listed impairments. (AR at 13). In his decision, the ALJ held that:

> There is no indication as of this time that the claimant's impairment(s), taken either singularly or in combination, have produced symptomatology or objective findings which would meet or equal any impairment found in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App.1. The claimant simply does not have any of the requisite clinical findings required by the Listings.

(AR at 13).

The ALJ's decision provides a comprehensive summary of the facts supporting his conclusions. The ALJ discusses plaintiff's medical history, numerous medical opinions, and testimony regarding plaintiff's symptoms and daily routine. The ALJ based his

decision on the findings and opinions of several doctors, including Tariq Jamil, M.D., who conducted an internal medicine evaluation of plaintiff on February 28, 2005. (AR at 15-16; see AR at 155-59). The ALJ noted that plaintiff's chief complaint to Dr. Jamil was her back pain. (AR at 15). The ALJ summarized Dr. Jamil's findings of plaintiff's residual functional capacity in his decision:

> Upon physical and diagnostic evaluation, Dr. Jamil opined that in view of the claimant's history of scoliosis of the spine and chronic low back pain, she can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand and walk for up to six hours in an eight hour day with frequent rests; and she can sit for six hours in an eight hour day. Dr. Jamil was also of the opinion that the claimant can perform climbing, stooping, kneeling and crouching occasionally; and that she has no limitation in gross or fine manipulation or with reaching in all directions.

(AR at 15; see AR at 159).

In addition, the ALJ discussed the opinion of Jamshid Tamiry, M.D., who examined plaintiff on October 23, 2004. (AR at 14-15; see AR at 123-32). The ALJ noted that during plaintiff's examination with Dr. Tamiry, her chief complaints were tachycardia and her back condition. (AR at 14). The ALJ summarized Dr. Tamiry's findings regarding plaintiff's residual functional capacity and noted that while Dr. Tamiry found that plaintiff had a limited range of motion of the lumbar spine, he opined that she retained the functional capacity to "lift and carry 10 pounds occasionally and less than 10 pounds frequently. Standing and walking are limited up to four hours and sitting to six hours cumulative; and that she should avoid frequent bending, stooping and crouching." (AR at 15; see AR at 129).

There is no evidence in the record that a treating or examining physician mentioned findings equivalent in severity to the criteria of a listed impairment such that plaintiff is

presumptively disabled. In fact, as discussed above, both Dr. Jamil and Dr. Tamiry opined that plaintiff retained a significant residual functional capacity. While plaintiff argues that the ALJ erred because he did not consider the specific requirements of Listing 14.09B in his decision, the regulations only require the ALJ to undergo a careful review of the symptoms, signs , and laboratory findings. 20 C.F.R. § 404.1526 (2006). The ALJ is not required to state why a claimant failed to satisfy every different section of the listing of impairments. Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990). Instead, the ALJ's decision must be "as comprehensive and analytical as feasible" and, when appropriate, should include "a statement of the subordinate factual foundations on which the ultimate factual conclusions are based." Id. at 1200.

Evaluation of the record as a whole indicates that the ALJ considered all of plaintiff's impairments and all of the medical evidence in the record in his decision.[3] The ALJ, therefore, properly considered plaintiff's impairments and did not err in concluding that plaintiff's impairments do not meet or equal any impairment in the Listings.

**C.     Plaintiff's Credibility**

Plaintiff alleges that the ALJ failed to properly consider her subjective complaints and assess her credibility. (Joint Stipulation at 10). Plaintiff argues the ALJ failed to specify which allegations of pain he discredited and failed to state clear and convincing reasons for rejecting plaintiff's testimony. (Joint Stipulation at 11-12).

Pain of sufficient severity caused by a medically diagnosed "anatomical, physiological, or psychological abnormality" may serve as the basis for a finding of disability. 42 U.S.C. § 423(d)(5)(A); see Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). To determine whether a claimant's testimony regarding subjective pain

---

[3] With regard to plaintiff's allegation that the ALJ failed to properly evaluate the medical records from the Riverside County Regional Medical Center and the opinion of Rebecca J. Patchin, M.D. (Joint Stipulation at 3-4), this evidence is discussed in the ALJ's decision and consistent with the ALJ's conclusion. (See AR at 15). Plaintiff's allegations of pain and symptoms are discussed infra in Part C.

or symptoms is credible, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). The claimant need not show that the impairment could reasonable be expected to cause the severity of the symptom alleged, rather the claimant need only show that it could reasonably produce the degree of symptom alleged. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996); see Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (claimant's testimony as to the severity of symptoms may not be discredited merely because it is not supported by objective medical evidence). This approach reflects the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." Smolen, 80 F.3d at 1282.

If the ALJ finds that the claimant's impairment could reasonably have caused some degree of the symptom, then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. at 1281. The ALJ must specifically identify what testimony is credible and what evidence undermines the claimant's complaints. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).

On review, the ALJ's decision will be upheld where the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). An ALJ's findings are entitled to deference if they are supported by substantial evidence in the record and are sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell, 947 F.2d at 345-56.

While the ALJ notes that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, the ALJ discredited plaintiff's statements regarding the intensity, persistence and limiting effects of the symptoms. (AR

at 14). As discussed below, the ALJ's reasons for discrediting plaintiff's allegations of pain withstand scrutiny.

### 1. Objective Medical Evidence

First, the ALJ stated that the objective medical evidence did not fully support plaintiff's subjective complaints. The ALJ relied on the opinions of Dr. Tamiry and Dr. Jamil in his decision. (AR at 15). In his decision, the ALJ noted that plaintiff testified at the hearing that her back pain affects her ability to stand, walk, and sit, and that she testified that she can only stand in one position for two to four minutes, walk five to ten minutes, and sit five to ten minutes before feeling pain in her lower back and numbness in her legs. (AR at 14; see AR at 216-17). The ALJ also noted that plaintiff testified that she falls down two to three times a week because her legs give out. (AR at 14; see AR at 216). The ALJ explained why he gave this testimony little credit:

> Specifically, treatment records do not indicate any recent reports of falling down weekly due to her legs giving out. To the contrary, her doctor has suggested that she participate in a yoga stretching program. Additionally, her reports to her doctor that she has enough medication for her pain; that her pain is tolerable, that her leg cramps have decreased, that she is doing better, has more energy, and that she is more active is persuasive evidence that the intensity and persistence of her pain is not as limiting as she claims.

(AR at 15). The inconsistencies in plaintiff's reports to her doctor and her testimony at the hearing is a proper basis upon which to evaluate plaintiff's credibility. See Smolen, 80 F.3d at 1284; Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (conflicts in a claimant's statements or testimony support a finding that the claimant lacks credibility).
///
///

### 2. Daily Activities

Next, the ALJ cites plaintiff's daily activities in support of his decision to discredit plaintiff's pain testimony. (AR at 15). In evaluating a claimant's credibility, an ALJ must consider the factors set forth in Social Security Regulation 95-5p[4], including a claimant's daily activities. With respect to daily activities, the Ninth Circuit has held that a specific finding that a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting may be sufficient to discredit a claimant's allegations of pain. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). However, the Ninth Circuit has cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair, 885 F.2d at 603. The Ninth Circuit has found that activities such as grocery shopping, driving a car, or limited walking for exercise do not "in any way detract from [a claimant's] credibility as to [his or her] overall disability." Vertigan, 260 F.3d at 1050. The Ninth Circuit has repeatedly stated that a claimant need not be utterly incapacitated in order to be disabled under the Social Security Act. See Fair, 885 F.2d at 603; Vertigan, 260 F.3d at 1050.

In his decision the ALJ noted that plaintiff "admitted to a fairly active lifestyle which includes such activities as household chores, shopping, cooking, driving a car, and caring for an elderly aunt with a heart condition on a full-time basis." (AR at 15). The ALJ stated that plaintiff's "admitted lifestyle belies her assertion that 'I am in constant pain. I can't live a daily normal routine like this.'" (Id.).

///

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc). Although they do not have the force of law, they are, nevertheless given deference " unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

While plaintiff testified that she could perform many home activities, the ALJ's claim that plaintiff "admitted to a fairly active lifestyle" does not completely characterize plaintiff's testimony. As discussed above, at the hearing, plaintiff testified that her back pain affects her ability to stand, walk, and sit, and that she is only able to stand in one position for two to four minutes, walk five to ten minutes, and sit five to ten minutes before feeling pain in her lower back and numbness in her legs. (AR at 14). Plaintiff also testified that she falls down two to three times a week because her legs give out. (Id.).

However, substantial evidence of plaintiff's daily activities exists in the record. In the Exertional Daily Activities Questionnaire that plaintiff completed on October 7, 2004, plaintiff stated that she cares for her 85 year old aunt, who lives with her. (AR at 76). Plaintiff stated that she goes grocery shopping for herself and her aunt five to six days a week, that she does some dusting and laundry, and that she is able to drive a car. (AR at 76-77).

In the Questionnaire that plaintiff completed on January 14, 2005, plaintiff stated that she takes care of two cats and is able to feed them and change their litter. (AR at 105-06). Plaintiff stated she goes out alone daily to shop. (AR at 107-08). Plaintiff stated that she is able to make homemade meals three to four times a week, pay bills, count change, handle a savings account, and use a checkbook and money orders. (AR at 106-07). In addition, at the hearing, plaintiff testified that she is able to clean, dust, vacuum, and cook. (AR at 221).

While plaintiff's ability to perform these home activities do not, standing alone provide a basis to discredit plaintiff's testimony regarding her overall disability, it does contradict plaintiff's testimony regarding the severity of her pain and the functional limitations that she testified to, such as her inability to stand in one position for two to four minutes, walk for more than five to ten minutes, and sit for more than five to ten minutes. (AR at 216-18). The ALJ properly considered plaintiff's daily activities as a factor while evaluating plaintiff's credibility. See SSR 95-5p.

///

### 3. Conservative Medical Treatment

Finally, the ALJ cites plaintiff's conservative medical treatment in support of his decision to discredit plaintiff's pain testimony. (AR at 16). The ALJ notes that the use of pain analgesics have provided plaintiff with partial symptomatic relief and that plaintiff has not required surgery for her scoliosis. (Id.).

An ALJ may rely on a plaintiff's conservative treatment regimen to reject a plaintiff's testimony of disabling limitations or disabling pain. Fair, 885 F.2d at 604. In Fair v. Bowen, the Ninth Circuit affirmed an ALJ's credibility decision where the ALJ stated, among other things, that the claimant received only minimal conservative treatment for his various complaints. Id. The Ninth Circuit also noted that a plaintiff could overcome an ALJ's credibility decision by offering a credible explanation for the lack of more serious treatment. See id. ("While such reasoning may not hold up in all cases (there may be claimants with good reasons for not seeking treatment and credible explanations for their ability to work inside but not outside the home), it is sufficient here, as Fair has not put forward any evidence that reconciles the inconsistency between his words and his actions."); see also 20 C.F.R. § 404.1530 (1994) (listing acceptable reasons for failure to follow prescribed treatment).

Here, plaintiff offers no explanation of why she did not seek further treatment for her back pain. Such failure to seek treatment, given her allegations of disabling pain and severe functional limitations, constitutes adequate grounds for rejecting plaintiff's credibility.

Taken as a whole, the ALJ's reasons for rejecting plaintiff's credibility are sufficiently specific, and the decision to reject plaintiff's testimony regarding her pain and functional limitations is supported by substantial evidence in the record. Thus, the Court concludes that the ALJ did not err in rejecting plaintiff's subjective complaints and credibility.

///

///

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 17, 2007

/s/
JENNIFER LUM
UNITED STATES MAGISTRATE JUDGE